# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2022AP1420-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Judy R. Moats, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>   Complainant,<br>  v.<br>Judy R. Moats,<br>   Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST MOATS

| | |
|---|---|
| OPINION FILED: | February 24, 2023 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|  COURT: | |
|  COUNTY: | |
|  JUDGE: | |

JUSTICES:

Per curiam. ZIEGLER, C.J., filed a concurring opinion in which REBECCA GRASSL BRADLEY, HAGEDORN, and KAROFSKY, JJ., joined.

NOT PARTICIPATING:

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2022AP1420-D

STATE OF WISCONSIN      :      IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Judy R. Moats, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

    **v.**

**Judy R. Moats,**

      **Respondent.**

**FILED**

**FEB 24, 2023**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1 PER CURIAM. This is a reciprocal discipline matter. On August 19, 2022, the Office of Lawyer Regulation (OLR) filed a two-count complaint against Attorney Judy R. Moats. Count one alleged that by virtue of a January 25, 2022 consent to revocation order entered by the Virginia State Bar Disciplinary Board, Attorney Moats should be subject to reciprocal discipline in Wisconsin pursuant to Supreme Court Rule (SCR) 22.22. Count two alleged that by failing to notify OLR of her discipline in

Virginia within 20 days of its effective date, Attorney Moats violated SCR 22.22 (1).[1]

¶2 On November 2, 2022, this court issued an order directing Attorney Moats to inform the court, in writing, by January 16, 2023 why the imposition of discipline identical to that imposed in Virginia would be unwarranted and of the factual basis for any such claim. Attorney Moats has not responded to the order. Accordingly, we find it appropriate to impose discipline reciprocal to that imposed by the Virginia State Bar Disciplinary Board, and we order the revocation of Attorney Moats' Wisconsin law license.

¶3 Attorney Moats was admitted to practice law in Wisconsin in 1975. She was admitted to practice law in Virginia in 1981. Her Wisconsin law license was suspended in 2021 due to her failure to pay bar dues and failure to file an OLR Trust Account Certificate. Those suspensions remain in effect. Attorney Moats has no previous disciplinary history in Wisconsin.

¶4 According to the allegations in OLR's complaint and the Virginia disciplinary records attached to the complaint, Attorney Moats' misconduct in Virginia arose out of her handling of an estate in which she was a co-executor. The misconduct

---

[1] SCR 22.22 (1) states: "An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct."

included failing to provide competent representation to a client; failure to act with reasonable diligence and promptness in representing a client; knowingly disobeying or advising a client to disregard a standing rule of a tribunal made in the course of a proceeding; overcharging the estate for executor fees; failing to respond to a lawful demand for information from the Virginia disciplinary authority; and obstructing a lawful investigation by the disciplinary authority.

¶5 On January 24, 2022, Attorney Moats submitted an affidavit declaring consent to revocation in which she acknowledged that the material facts upon which the allegations of misconduct levelled against her were true and that if they were prosecuted in the disciplinary proceeding, she could not successfully defend against them. Attorney Moats consented to the revocation of her Virginia law license. The Virginia State Bar Disciplinary Board revoked Attorney Moats' license to practice law on January 25, 2022. On June 2, 2022, the District of Columbia Court of Appeals disbarred Attorney Moats as discipline reciprocal to that imposed by Virginia.

¶6 Supreme Court Rule 22.22(3) states as follows:

The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme

3

court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

c) The misconduct justifies substantially different discipline in this state.

¶7 Attorney Moats did not respond to this court's order to show cause, and there is no showing that any of the defenses found in SCR 22.22 (3) apply. Therefore, we impose discipline identical to that imposed by the Virginia State Bar Disciplinary Board.

¶8 IT IS ORDERED that the license of Judy R. Moats to practice law in Wisconsin is revoked, effective the date of this order.

¶9 IT IS FURTHER ORDERED that, to the extent she has not already done so, Judy R. Moats shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

¶10 ANNETTE KINGSLAND ZIEGLER, C.J. *(concurring).* I concur in the court's order revoking Attorney Moats' license to practice law in Wisconsin. I write separately to point out that in Wisconsin the "revocation" of an attorney's law license is not truly revocation because the attorney may petition for reinstatement after a period of five years. See SCR 22.29(2). I believe that when it comes to lawyer discipline, courts should say what they mean and mean what they say. We should not be creating false perceptions to both the public and to the lawyer seeking to practice law again. See In re Disciplinary Proceedings Against Moodie, 2020 WI 39, 391 Wis. 2d 196, 942 N.W.2d 302 (Ziegler, J., dissenting). And, as I stated in my dissent to this court's order denying Rule Petition 19-10, In the Matter of Amending Supreme Court Rules Pertaining to Permanent Revocation of a License to Practice Law in Attorney Disciplinary Proceedings, I believe there may be rare and unusual cases that would warrant the permanent revocation of an attorney's license to practice law. See S. Ct. Order 19-10 (issued Dec. 18, 2019) (Ziegler, J., dissenting).

¶11 I am authorized to state that Justices REBECCA GRASSL BRADLEY, BRIAN HAGEDORN, and JILL J. KAROFSKY join this concurrence.